United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

In re:

| | |
|---|---|
| Thomas Alan Minor<br>and Renee Scott Minor | Bankr: 3:10-BK-30161-DOT<br>Chapter 7 |
| Address | |
| Thomas A. Minor<br>11603 Hardwood Drive<br>Midlothian, VA  23114 | |
| Last four digits of SSN:   6901<br>XXXX | |
| Thomas A. Minor | APN: 3:13-AP-03152-DOT |
| and/or | |
| Alan T. Minor | |
| Plaintiff | |
| vs | |
| Eloise K. Hahn, et. al. | |
| Defendants | |

RICHMOND DIVISION
FILED
NOV 20
CLERK
U.S. BANKRUPTCY COURT

MOTION FOR CONTINUANCE
MOTION to DISMISS ADVERSARY COMPLAINT filed by THOMAS
A. MINOR filed by ELOISE K. HAHN (Baumgartner,Cindy) and/or in
the ALTERNATIVE JUDGMENT ON THE PLEADINGS

Comes now the defendant, Eloise K. Hahn (Hahn) and she files

this Motion for Continuance against the plantiff and states as follows:

1. That this matter is currently scheduled for December 3, 2013 at 2:00 p.m. before the Honorable Judge Tice, Room 5100, U.S. Bankruptcy Court @ 701 Broad St., Richmond, VA.

2. That FL counsel, namely Howard Sverbilow (Sverbilow) has advised Hahn on October 23, 2013, that opposing counsel, namely Jason Krumbein (Krumbein) had contacted him and threatened to sue both parties, being Hahn and Sverbilow.

3. That FL counsel, Sverbilow, advised Hahn that Krumbein told him, "She is a wealthy lady...I plan to sue both of you for $25,000 or more".

4. That Hahn may have been a wealthy lady prior to getting swindled out of her $250,000, namely from William Parsons and Thomas Minor, when Burke Financial LLC was a member of Win Par Hospitality Laredo LLC in years 2006 through 2009.

5. That Hahn realizes she was a victim of a skam since she has been advised by title search records that Parsons and Minor sold the LLC property for over $2,400,000 on February 3, 2009, in a short sales transaction.

6. That Minor and Parsons had agreed to pay Hahn $250,000 at the time the lots were sold.

7. That Hahn has not been paid to date by either party.

8. That Hahn believes the non-payment of the $250,000 proceeds to her could be fraudulent, especially since all lenders of the LLC lots were paid for the mortgage notes and since Minor and

Parson had purchased the LLC property for over a $1,000,000 less than the sales amount which exceeded $2,400,000.

9. That Krumbein is pointing a gun to Hahn's head at this time and has threatened to pull the trigger if Hahn does not allow Minor to rob her again for alleged damages.

10. That Hahn has been advised by Sverbilow that the debt to Hahn for $250,000 cannot be discharged if fraud occurred.

11. That Hahn has filed a second memorandum in support of, " Sverbilow's Motion to Dismiss the Adversary Complaint filed by Thomas A. Minor filed by Eloise K. Hahn (Baumgartner, Cindy) and/or in the Alternative Judgment on the Pleadings", filed with this court both in October and November of 2013.

12. That Hahn has been advised to retain counsel in VA for this matter.

13. That Hahn is currently financially insolvent and is unable to retain counsel until August of 2014.

14. That local counsel will need to conduct discovery in order to determine if fraud occurred, but apparently fraudulent activity has occurred since Hahn was denied payment in the amount of $250,000 at the time the lots were sold in Laredo, Texas on February 3, 2009.

15. That Hahn is filing an adversary proceeding counter claim complaint against the parties, Minor and Krumbein, for damages and injunctive relief for harrassment.

16. That Sverbilow voluntarily dismissed Minor from the

Florida state court trial which is to be conducted on January 22, 2014.

17. That Hahn appears to be a victim of fraud and has suffered personal damages to her credit reputation including Burke Financial LLC's creditability, including financial, physical, and emotional damages from Minor's melicous conduct.

18. That the LLC namely, Win Par Hospitality Laredo LLC, was not financially insolvent at the time the entity was dissolved. Apparently, there was no involuntary petition filed against the LLC for bankruptcy or reorganization.

19. That Minor failed to disclose his partnership interests to the entity, Win par Hospitality laredo LLC, and is precluded from the discharge protection pursuant to Section 524 of the bankruptcy code.

20. That Hahn is a disabled victim of fraud from this business scam, especially since Minor and Parsons had used Hahn's equity of $149,000 to pay off the first mortgage for two of the LLC lots on September 30, 2007.

21. At the time Parsons and Minor paid off the first mortgage for two of the LLC lots on September 30, 2007, the lots had appreciated to over $743,000 each, so there was considerable equity available for refinancing the two lots to $743,000 each on August 1, 2008.

22. That Hahn was advised that a short sales

transaction occurred after the refinancing of the lots on August 1, 2008, whereby Compass Bank bought all three of the lots on February 3, 2009, for over $800,000 each.

23. That Sverbilow has advised Hahn that Krumbein will not dismiss his adversary proceeding at this time.

24. That due to Krumbein's pressing litigation it is necessary for Hahn to retain local counsel on this matter.

25. That Hahn is unable to retain local counsel until August of 2014 since she was robbed out of her $250,000 life savings in this fraudulent business matter attributing to her inability to retain counsel until then.

26. That Minor has had the funds to retain counsel both in Florida and Virginia at Hahn's expense, specifically he apparently is using the money that should have been appropiated to Hahn at the time the lots were sold on February 3, 2009.

27. That it is Hahn's impression that Minor reinvested the LLC lot sale proceeds in another project that tanked in March of 2009.

28. That both Minor and Parson executed a promissary note to Hahn promissing to pay her $250,000 on a best effort basis in exchange for dropping the litigation in the previous case.

29. That Hahn has not been paid by either party even though Minor and Parsons sold the LLC lots for over $2,400,000 on February 3, 2009.

30. That Minor's bankruptcy appears to be irrelevant to the LLC matter, specifically Minor has failed to disclose his former partnership interest with Win Par Hospitality Laredo LLC on question 18 of his chapter 7 bankruptcy petition and is precluded from the bankruptcy protection under Section 524 of the bankruptcy code.

WHEREFORE, the defendant, Eloise K. Hahn, hereby prays for a continuance of this matter to be scheduled sometime in September 2014, due to her inability to retain counsel until August of 2014, and/or in the alternative that Minor's adversary proceeding be dismissed since Hahn will be denied her rights to a fair trial in this matter.

Respectfully submitted,

*Eloise K. Hahn*

Eloise K. Hahn, Defendant
Managing Member of Burke Financial LLC
Member of Win Par Hospitality Laredo LLC
313 East 1300 North
Chesterton, IN    46304

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via ~~priority U.S.~~ UPS Mail to Howard Sverbilow, Esquire,

190 Fortenberry Road, Suite 107, Merritt Island, Florida 32952-3401,

Jason M. Krumbein, Esquire, 5310 market Road, Suite 102, Richmond, VA 23219, Cindy Baumgartner, Deputy Clerk of the Court, U.S. Bankruptcy Court, 701 E. Broad St., Suite 4000, Richmond, VA

23219, and Roy Terry, Esquire, Sands Anderson, P.O. Box 1998, Richmond, VA 23218-1998, and alan T. Minor, 11603 Hardwood Drive, Midlothian, VA  23114  on November 16, 2013.

*Eloise L. Uh[signature]*