# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

In re:

| | |
|---|---|
| Thomas Alan Minor and<br>Renee Scott Minor | ) Case Number 10-30161-KLP<br>) Chapter 7<br>) Adversary and Counterclaim<br>) Adversary Proceeding |
| Thomas A. Minor | )   Number 13-03152-KLP<br>)   Chief United States Bankruptcy |
| Plaintiff | )   Judge Keith L. Phillips<br>)   Eastern District of Virginia |
| v. | ) |
| Eloise K. Hahn | ) |
| Defendant | ) |
| Eloise K. Hahn,<br>dba Managing Member of<br>Burke Financial LLC<br>Member of Win Par Hospitality<br>Laredo LLC | ) |
| Counter Claimant Plaintiff/<br>Counter Appellant | ) |
| vs | ) |
| Thomas A. Minor,<br>dba President of Diversified<br>Commercial Mortgage<br>Member of Win Par Hospitality<br>Laredo LLC (undisclosed on<br>chapter 7 January 10, 2010<br>petition) | ) |
| Renee Scott Minor | ) |
| Counter Claimant Defendants/<br>Appellee | ) |

[FILED stamp: RICHMOND DIVISION, APR 28 2015, CLERK U.S. BANKRUPTCY COURT]

**PETITIONER'S MOTION FOR CHANGE OF VENUE TO
THE NORTHERN DISTRICT OF ILLINOIS**

United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

Bankr: 10-30161-KLP
Chapter 7
Adversary Proceeding
Number: 3:13-AP-3152-KLP
Judge: Keith L. Phillips

In re:

Thomas Alan Minor and Renee Scott Minor

Thomas A. Minor

and/or

Alan Thomas Minor

Plaintiff

vs.

Eloise K. Hahn et al.

Defendants.

## MOTION FOR CHANGE OF VENUE TO THE NORTHERN DISTRICT OF ILLINOIS FEDERAL DISTRICT COURT

Comes now the plantiff, Eloise K. Hahn, and she files this motion for change of venue and states to wit:

1.    That the defendant, Eloise K. Hahn, believes she will not receive a fair trial in the State of Virginia since the matter rests in the State of Nevada or Illinois with respect to acquiring all loan

documents, financial statements, and bills of sale for all three hotels developed during the years 2006 through 2011. Burke was incorporated in the State of Nevada and applied as a foreign entity with the State of Illinois not Indiana in years 1998 through 2009. In year 2009 Burke was unable to complete its annual report attributed to Minor and Parsons' failure to provide Burke the foreclosure documentation of the three lots in Laredo, Texas on or about August 1, 2008 resulting in Burke's license being revoked by the State of Illinois and Nevada. To date, Burke has been unable to dissolve the entity since burke first received the Orlando and Richmond court decisions in November of 2014 and April of 2015, resp. This lenghty process has atgtributed to costly dissolution fees which Hahn will need to incur in the State of Nevada once Burke had all petrtinent documention to close the matter.

2. That the plaintiff/counter defendant, namely Alan T. Minor, (Minor) refused to provide the foreclosure papers wrt the three lots in Laredo, Texas,namely lots 11, 12, and 13 at trial.

3. That Alan T. Minor and William R. Parsons apparently negotiated a short sale transaction with Claudia Garcia, Trustee on or about August 1, 2008, whereby Minor pulled out all the equity of the three lots and transferred the equity in A TAX FREE 1031 exchange to a land bank adjacent to the Quality Suites hotel in Lexington, Virginia.

4. That the current owner to the Quality Suites hotel in Laredo, Texas advised Hahn that Minor deposited 9.9 or $990,000

to commence construction of the remaining 27 suites for the Laredo hotel sometime after he dissolved the LLC with Parsons on September 25, 2009.

5. That Hahn's accountant confirmed the LLC accounting ledgers contained fraudulent information with respect to years 2007 and 2008, specfically the 2007 ledger alleged BP/ATM bought out the LLC on or about September 2007 whereby the ledger sheet documented $149,003 being debited from the LLC bank account. Hahn never received $149,003 nor the remaining $71,696 in year 2008, as evidenced by the interrogatories answers in Brevard County.

6. That both Minor and Parsons confessed under oath through interrogatories served in year 2013 that none of the de bt to Hahn had been paid. The interrogatories were included with the bankruptcy proceedings at trial.

7. That Hahn's accountant further confirmed with her that the ledger sheets of the LLC were fraudulent in that they documented specific parties getting paid in year 2006 and then again in year 2008. Apparently Parsons elected to keep the excess cash in year 2008 with Minor whereby Parsons kept $223,000 and Minor kept $134,500 leaving an excess of $27,000.

8. That both Minor and Parsons further violated the Stipulation of Settlement agreement entered in Brevard County, FL whereby they transferred Burke Financial's equity in a 1031 exchange instead of providing Hahn of Burke Financial her 18.2% of the shoirt

sale proceeds of $2,592,468.

9. That lots 11 and 12 each were appraised at $802,156 as evidenced in Minor's amended chapter 7 application. Further, lot 13 was appraised at $988,156 as evidenced with comparables from the consulting firm Integra Realty in San Antonio, Texas.

10. That Minor confessed the aforementioned during settlement negotiations telephonically on or about August 21, 2014, where Hahn's attorney, Hank Marino, also was advised of the aforementioned.

11. That Hahn's computer files were hacked immediately after the phone conversation on or about August 21, 2014.

12. That Hahn is a victom of wire fraud.

13. That Hahn was subsequently subjected to carbon monixide poisoning at her residence in Chesterton, IN, whereby the security system had alerted Hahn of a fire or smoke emissions entering her roof ventilation system attributing to her security system malfunctioning resulting in a major expense to replace the system altogether after the incident. Hahn believes someone was directed to burn wood on top of her roof in an attempt to expunge her and make her death appear as an accident. Subsequently, Hahn has confronted with Parson's spys enroute to the Orlando and Richmond bankruptcy trials whereby she was advised that "he plans to infect your aquifer", or "you need to find the New Zealand hotel", or the relinquishment of her raincoat's buttons which was stolen from her

residence by her ex-huisband when she returned from the Richmond bankruptcy trial. The FBI informed Hahn that the hackers were planning to portray her at a mortgage company in efforts to steal her residence. Finally, clairvoyants advised Hahn several of times that someone may be attempting to expunge her by a lethal car accident. The most recent vision is the killer was anticipating the lethal accident on June 5 or July 25 of 2015. Hahn is concerned that the harassment will never end until she is 6 feet under. Hahn requests resolution of the harassment and wire fraud immediately. Marino advised Hahn he was not responsible for the filie hacking. Hahn feels the bankruptcy matters could be accountable to the hacking since the hacking occurred immediately after the settlement conference.

14.     That Hahn's accountant needs all financial statements of Parsons and Minor including all loan documents wrt to the development of the three hotels, namely the LaQuinta Inns and Suites hotel at the Richmond airport, being 9040 Pams Av, including the Quality Suites hotel in Lexington, VA and the Laredo, Texas hotel. Hahn was advised that the hotel sold for $9.9 million and the profit was $3.4 million on March 10, 2011. Apparently Compass Bank acquired a gain of a million dollars from the sale transaction as well since they purchased the three lots from Claudia Garcia on February 3, 2009, for $2,592,468.

15.     That Hahn presumes Parsons and Minor maintained a 20 year leasehold on the Laredo hotel where $821,000 of the LLC

funds was retained by the house for an annual leasing expense.

16. That Hahn is not able to retain counsel in Virginia nor travel to Virginia for the appeal litigation.

17. That Hahn is unable to pay the filing fee for the appeal and is filing a motion to proceed in forma pauperis, as well as, a motion for court appointed counsel.

18. That Hahn is not interested in a frivolous appeal and requests the court's direction to provide her all foreclosure papers, loan documents, bills of sale, and financial statements of the two parties namely Minor and Parsons so that she can complete her tax return and report a $527,000 loss in year 2014. Hahn's accountant advised her a party must be listed on a bankruptcy petition in order that the party be allowed to exercise the huge loss.

19. That Hahn's accountant further advised her that the loss of $527,000 was in year 2014 not 2010 since Minor first listed Hahn and Burke Financial on his reopened bankruptcy petition on June 2, 2014.

20. That Burke Financial's address is not properly listed on the chapter 7 petition. Burke Financial's address is currently in care of Incorp in Henderson, Nevada. Incorp acts as the resident agent for Burke. Burke has remained inactive after the loss of its equity on August 1, 2008 in the amount of $527,000, $698,000, and $2,500,000.

21. That Hahn has patiently awaited the past 9 years for

the documentation necessitated for the internal revenue service.

22. That Hahn requests the appeal be assigned to mediation for resolution of the matter.

23. That the other two members of Burke Financial do not want to be listed nor included in this matter. They have advised Hahn not to enter the shark tank again. Hahn does not wish to enter the shark tank any longer but needs the pertinent documentation to report her losses respectively, along with the provision to provide the other two members of Burke their losses for years 2006 through the present. Further, Hahn was advised by Marino that Burke's members' equity was $698,000. Consequently, the two remaining members of Burke will need to report these losses on their respective tax returns. Minor raped the assets from the LLC without payment to Burke in year 2007, when Parsons conveyed title to Minor and himself individually in May of 2007, whereby Hahn and Burke were defrauded completely of their equity in excess of $3,200,000.

24. That Burke is unable to retain counsel or pay for the filing fee and requests special consideration for court appointed counsel so that Burke can resolve the matter and complete its tax returns for years 2006 through 2014.

25. That the defendant, namely Alan T. Minor's chapter 7 bankruptcy is a personal consumer bankruptcy filed by both his spouse and himself.

26. That the debt due and owing to Hahn is a partnership debt owed to Eloise K. Hahn by both Parsons and Minor who were members of the entity, Win Par Hospitality Laredo LLC.

27. That Parsons and Minor did not file personal nor business bankruptcies at the time the business lots were sold in Laredo, Texas, to Claudia Garcia on or about August 1, 2008.

28. That the law firm who purchased the lots from Parsons and Minor advised Hahn that someone had pulled out all equity and to get an attorney in year 2014.

29. That Hahn feels the best attorney to represent her at this time is Hank Marino in Chicago, IL, especially since he was involved in the matter in years 2006 and 2007. Marino confirmed with Hahn that there was no executed buy out agreement and overhead the settlement conversation on August 21, 2014.

30. That Hank Marino, is both a CPA accountant and tax attorney and is a competent party to resolve the remaining issues at stake.

31. That Hahn cannot tolerate anymore wire fraud, file hacking, satellite monitoring, nor harassment. Hahn needs to file her tax returns and demands cooperation from Minor instantor.

32. That the LLC used Hahn's capital of $87,000 in year 2006 to pay for the architectural drawings, franchise license, feasibility report, and perk test. Hahn needs to report these

expenditures for the year incurred namely year 2006. Further, Minor sanctioned Hahn's equity in the amount of $34,500 in year 2006 alleging Parsons provided him a finder's gift when in fact he stole Burke's monetary interest payment of $29,300 in year 2006 alleging he provided the capital for the expenditures whereby he was entititled to the interest payment instead of Burke. Finally in year 2007 Minor sanctioned Hahn of Burke's equity of $100,000 alleging the project was underfunded when in fact it was overfunded in excess of $1,000,000 due to the undilution of Burke's stock shares on May 17, 2007. Instead of distributing the gain to Burke, Minor stole Burke's millions alleging it was his money when in fact he failed to provide any money into the LLC bank account. This action caused personal injury onto Hahn attributing to Hahn's permanent disability.

33. At the time the business lots were sold, Minor and Parsons were unable to file bankruptcy since they jointly received a check for $2,592,468 from the short sale transaction with Claudia Garcia on or about August 1, 2008.

34. That the LLC, namely Win Par Hospitality Laredo LLC, failed to file an involuntary petition for insolvency prior to its dissolution on September 25, 2009. Accordinglky, the LLC should not have been dissolved since Hahn of Burke had not gotton paid.

35. That Parsons dissolved the entity due to the LLC being

inactive, specifically he raped the LLC of its business assets to convey title to himself and Minor in May of 2007.

36.     That Parsons and Minor used Burke's capital of $395,000 mol as nonrecourse financing to pay for lot 13. In other words, Burke's stock capital in excess of $2,500,000 was used to purchase lot 13 in year 2007. After lot 13 was purchased for $395,000 mol Minor alleged he purchased lot 13 for $988,156, when in fact he raped the capital gain with Parsons in the amount of $988,156 - $395,000 or approximately $600,000 which they are presumed to have used for financing the hotel in Lexington, Virginia and Laredo, Texas, including their sanctions of Burke's equity in the amount of $527,000 on August 1, 2008, when they sold the lots to Claudia Garcia.

37.     Hahn's capital of $149,003 was used by Parsons and Minor for leasing out a hotel in Richmond, Virginia or Lexington, Virginia as confirmed to Hahn by Krumbein, specifically Krumbein advised Hahn that Minor and Parsons elected to lease out the LaQuinta Inns and Suites hotel in Richmond for about a year when they elected to sell the hotel and transfer the equity to their next hotel project in Lexington, Virginia.

38.     That the LLC's accounting leger sheets further document Parson's sanctioning of Hahn's capital in the amount of $71,000 mol in year 2008. Parsons alleged he had not gotton paid when in fact he received from Hahn's capital of $220,700 payments in excess of $100,000 in year 2006, namely for a $25,000 franchise license, his loan down payment of $40,000 plus interest in year 2006, and other

miscellaneous loans he alleged he was entitled to use with Hahn and Burke's capital. A copy of the ledger sheets are hereto attached in Exhibit A.

39. That Parsons inappropriately documented Burke as a consumer lending entity when in fact Burke was a partnership member of the LLC. Accordingly, Parsons failed to provide Burke annual K-1 returns of Burke's capital attributing to Burke's insolvency.

40. That the collection of the nonreimbursed partnership debt to Hahn is a business tax matter unrelated to both Parsons and Minors' personal bankruptcies. Burke never authorized a loan to Parsons for $250,000 for consumer spending. Burke only agreed that the three lots be sold and Burke's equity be remitted to Burke at 18.2% of the sale proceeds or about $500,000 + $27,000 excess, as evidenced in the Stipulation Settlement agreement. Parsons and Minor breached the settlement agreement and elected to steal Hahn and Burke's equity for additional hotel projects. Subsequently, Parsons and Minor submitted a $250,000 promissary note to Hahn so that they could dissolve the LLC without notification to Hahn. Accordingly, Hahn of Burke was defrauded again since they deliberately made the secured debt into an unsecure debt in order to rob Hahn and Burke of its half million in equity. Subsequently, Minor filed a chapter 7 bankruptcy with his wife in January of 2010, but failed to notify Hahn and Burke of his bankruptcy until year 2013 when Krumbein advised Hahn of his bankruptcy in August of 2013. Parsons

had not filed bankruptcy in August of 2013. Instead Parsons elected to file a chapter 13 bankruptcy in January of 2014. Finally, Minor alleged his spuse was pon gthe commercial loan with Laredo when in fact Parsons was the co-debgtor to the $743,000 loan. Minor deliberately withdrew the equity of the lots with Parsons in August of 2008 attributing to an accelerated foreclosure due to their failure to continue making quarterly installments to Compass bank in the amount of $18,000.

41.    That the Richmond, Lexington, and Laredo hotel projects did not bankrupt Parsons and Minor since they received $3.5 million, $7.2 million mol, and in excess of $9.0 million, respectively for all three hotel projects. Hahn requests this court to provide her bills of sales for all three hotels so that she can go on in life and resolve the matter once and for all. In accordance with Rule 9020 Minor could be accountable for a contempt proceeding by his consistent failure to provide her the foreclosure, loan, and bills of sale information since year 2008. Finally Minor has failed to provide Hahn documentation of the rental revenue they received from these three hotels to date.

42.    That the issue to this matter is also "performance" and breach of contract not a personal consumer bankruptcy matter. Minor's wife was not a member of Win Par Hospitality laredo LLC nor did she execute a mortgage with Compass Bank. Minor was a co-debtor with Parsons not Renee Scott Minor. Hahn was informed by the current owner to the Laredo hotel that Minor's mortgage company built the Laredo hotel from Minor's land bank collaterol. Accordingly,

Diversified Commercial Mortgage did have assets in year 2010 since Minor deposited $990,000 as collaterol for the construction commencement in Laredo. Minor claims he is the president of his mortgage company where he has reported no earnings in years 2008 through 2014. Finally, Minor alleges he owns Burke Financial when in fact he does not own one share of Burke Financial. Hahn nor Burke's members have received any buy out agreement. Instead they have been advised of huge losses effective 2007 to the present.

43. That Minor did not list his former partnership interests with Win Par Hospitality Laredo LLC initially on his chapter 7 petition until june of 2014. Hahn believes the presiding judge, Judge Phillips, is granting the discharge of debt effective year 2014 not 2010. Finally, Krumbein testified at trial that it was impossible for Minor to liquidate the money owed to Hahn at trial. Apparently, Minor has maintained ownership to the Quality Suites hotel in Lexington, VA whereby he used Hahn's capital to purchase hotel acreage and/or the land bank.

44. That Minor's chapter 7 petition lists Laredo National Bank being notified for an alleged debt of $743,000. Minor failed to amend his petition to replace the $743,000 debt with a $67,000 - $18,000 or a $49,000 mortgage debt due and owing to Compass Bank, successor in trust to Laredo National Bank. Further, Minor should have removed the debt from his petition since Claudia Garcia entered into a short sale transaction with both Minor and

Parsons whereby Claudia Garcia purchased the three lots from them for $2,592,468. Minor advised Hahn at trial that he was short $14,000 consequently the foreclosure occurred. Compass Bank repurchased the three lots from Claudia Garcia for $2,592,468 on February 3, 2009. The title records are deceiving since they imply all three lots being purchased for $802,156 which was the original cost to purchase the three lots by the LLC. Accordingly, Compass Bank was indirectly paid on or about August 1, 2008. Further, Compass Bank refused to comment on the foreclosure when Hahn contacted them by letter in April of 2014, specifically Mr. Hickey, Louis Riveria, and the foreclosure department ignored Hahn's inquiries.

WHEREFORE, the defendant and counter plaintiff, Eloise K. Hahn, requests mediation to resolve the pending issues so that she can file her returns and dissolve Burke accordingly. Hahn is interested to retain Marino for resolution of the matter provided he is not retained by Parsons and Minor currently. On the contrary Hahn requests the Department of Justice attorney, Shannon Peracuro, provide her the documentation as outlined in Exhibit B.
Hahn is not able nor interested to pursue a lenghthy appeal. Hahn is only interested to resolve the financial deficiencies at this time so that she is able to complete her tax returns and provide Burke's members their K-1 returns for their taxes. Apparently they have a loss of $698,000 to report on their returns. Hahn

believes her loss is $527,000 + $1.8 million since Minor secretly used Burke's stock certificate for his personal gain where he alleges he had about $400,000 consumer credit card debt expenditures on a reported income of $61,000 annually. Hahn does not understand how he got all this credit line with an average income of $61,000 annually and has concluded he has admitted his mortgage company's credit card debt on his personal bankruptcy in order that he would be able to receive more money in year 2011 once the Laredo hotel was sold on March 10, 2011. Hahn believes the credit card debt was acquired during the development of the Laredo hotel and believes Minor had an interest to the hotel when he filed bankruptcy in year 2010, however, Hahn is no longer interested to pursue anymore litigation other than to acquire the financial documentation warranted to complete her tax returns. Hahn is not interested to be subjected to damages nor costs when she doesn't even have the money to pay the filing fee in the amount of $298.00.

Respectfully submitted,

Eloise K. Hahn
Managing Member of Burke Financial LLC
Former Member of Win Par Hospitality Laredo LLC

## CERTIFICATE OF SERVICE

I, Eloise K. Hahn, hereby certify that I forwarded a copy of the foregoing pleading was sent via UPS on April 23, 2015 to the following parties, being:

>Jason Krumbein
>Attorney for the Debtor(s)
>Krumbein Consumer Legal Services
>5310 Market Road, Suite 102
>Richmond, VA  23230
>
>U.S.Bankruptcy Court
>Clerk of the Court
>Attn:  Cindy Baumgartner, Deputy Clerk
>701 E. Broad St.
>Suite 4000
>Richmond, VA   23218
>
>U.S. Trustee
>Department of Justice
>Attn:  Shannon Pecoraro
>701. E. Broad St.
>Suite 4304
>Richmond, VA   23219
>
>Law Office of Hank Marino
>Attn:  Hank marino, Esquire
>53 W. Jackson
>Room 1552
>Chivcago, IL  60604
>
>Law Office of Kevin Willis
>Attn:  Kevin Willis, Esquire
>2137 S. Euclid Av-Ste 3
>Berwyn, IL   609402
>
>US Federal District Court
>Richmond, VA
>(to be forwarded by Cindy Baumgartner)

| | |
|---|---|
| April 23, 2015 | *EH* (signature)<br>Eloise K. Hahn |

Eloise K. Hahn
PO Box 662
Chesterton, IN  46304

March 27, 2015

TO:     Shannon, US Trustee, via facsimile  (804) 771-2330

FROM:   Eloise K. Hahn

RE:     10-30161-KLP

        13-03152-KLP

Please be advised that I am retaining counsel to represent Burke Financial in the appellant court.  The hearing would be sometime after August of 2015.

In the interim I would appreciate your assistance to provide me at the address on top of this letter the following documents, being:

a)  All loan documents used to purchase lots 11, 12, and 13 in Laredo, TX in years 2005 through 2008;

b)  All foreclosure documentation and short sale contractual agreements with either the Laredo National Bank and/or Compass Bank.  Compass in Dallas, TX would not return my calls nor letter in March of 2014, nor would Minor cooperate by providing Judge Phillips the documents at trial on September 15, 2014;

c)  Bills of sale for the Laquinta Inns and Suites hotel in Richmond, VA for year 2007, being 90450 Pams Av; Richmond, VA;

d)  Bills of sale for the Quality Suites hotel in Lexington, VA for years 2007 through 2009;

*e)   Bills of sale for the Quality Suites hotel in Laredo, TX on March 10, 2011;*

*f)   Rent rolls for all three above hotels for the period 2006 to present;*

*g)   Bill of sale for the land bank in Lexington, VA; and*

*h)   Pages 1 through 5 for the LLC acounting ledger sheets for year 2007.*

*It is presumed Minor has operated under his mortgage company, namely Diversified Commercial Mortgage since year 2006 wrt to the aforementioned hotels. Further, it is presumed that Minor has worked closely with Parsons in these hotel developments, including Parson's 121 room suite hotel in New Zealand anfd any other international Choice One hotes in India.*

*Thank you very kindly.*

*Regards,*

*Eloise K. Hahn*

*cc:    attorney*